**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:                                                          **CASE NO.: 8:26-bk-02312-RCT**
                                                                **CHAPTER 13**

**FRANKLIN ANDREW CRUZ**

    **Debtor**

_____/

**LAKELAND HABITAT FOR HUMANITY, INC.'S**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

**If you object to the relief requested in this paper you must file a response with the Clerk of Court at U.S. Bankruptcy Court, Middle District of Florida, United States Courthouse, 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602 and serve a copy on the Movant, LAKELAND HABITAT FOR HUMANITY, INC., c/o Elliott V. Mitchell, Esq., CLARK, CAMPBELL, LANCASTER, WORKMAN & AIRTH, P.A., 500 South Florida Avenue, Suite 800, Lakeland, Florida 33801 within 24 days from the date of the attached proof of service. (This includes 21 days as required by Local Rule 2002-4 plus an additional three days because this paper was served on you by U.S. Mail).**

**If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.**

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

LAKELAND HABITAT FOR HUMANITY, INC. (the "Movant" or "Creditor"), by and through the undersigned counsel, moves this Court, pursuant to 11 U.S.C. § 362(d) of the United States Bankruptcy Code, for an Order granting relief from the automatic stay to permit Movant to exercise its rights and remedies regarding five (5) parcels of real property located in Polk County, Florida. As grounds for relief, Movant would show:

1

1.      Movant is the holder of a Note and Mortgage regarding five (5) parcels of real property located in Polk County, Florida (the "Property"). A full legal description is attached hereto as **Exhibit "A"**.

2.      On January 11, 2022, Debtor signed the Mortgage on behalf of True Investors Development LLC in his representative capacity as the company's Manager; the Note was signed by Debtor both as Manager of True Investors Development LLC and individually in favor of Movant in the original principal amount of $750,000.00. The Mortgage and Note were recorded on January 20, 2022, in Official Records Book 12081 at pages 1248-1251 of the public records of Polk County, Florida. A true and correct copy of the Mortgage and Note is attached hereto as **Exhibit "B"**. The Property was only to be transferred into the name of True Investors Development LLC and not into Debtor's personal name.

3.      Debtor and True Investors Development LLC both defaulted under the Note and Mortgage by violating the terms of the Mortgage when, without Movant's consent, title to the Property was transferred from True Investors Development LLC to the Olive Development Land Trust (the "Trust"). (*See* Collective **Exhibit "C"**, Recorded Deeds of Transfer).

4.      No payments were ever received from Debtor or True Investors Development LLC regarding the mortgage balance; the principal balance of $750,000.00 was due in full on or before December 1, 2024.

5.      As of the Petition Date, the total pre-petition indebtedness is $1,150,160.69. (*See* Verified Statement of Indebtedness, attached hereto as **Exhibit "D"**).

6.      On May 28, 2024, Movant initiated a foreclosure action in the Tenth Judicial Circuit Court in and for Polk County, Florida, styled *Lakeland Habitat for Humanity, Inc., v. True Investors Development, LLC, et al.,* Case No. 2024-CA-002047 (the "Foreclosure Action").

7.      On February 17, 2026, the Circuit Court entered a Final Judgment of Foreclosure ("Final Judgment") in favor of Movant. A true and correct copy of the Final Judgment is attached hereto as **Exhibit "E"**. The total amount due under the Final Judgment is $1,135,198.46.

8.      A foreclosure sale was scheduled for March 25, 2026. *See* **Exhibit "F"**, Amended Order Rescheduling Foreclosure Sale Date.

9.      Debtor initiated this Chapter 13 case on March 24, 2026, the eve of the foreclosure sale, with stated intent to invoke the automatic stay and frustrate Movant's Final Judgment and foreclosure sale remedies.

10.      Pursuant to 11 U.S.C. § 362(d)(1), the Court shall grant relief from the automatic stay "for cause," a term that is non-exhaustive and includes both a lack of the Creditor's adequate protection and a finding that the bankruptcy petition was filed in bad faith. *See In re Albany Partners, Ltd.*, 749 F.2d 670, 673 (11th Cir. 1984) (holding that "[p]articularly when there is no realistic possibility of an effective reorganization and it is evident that the debtor seeks merely to delay or frustrate the legitimate efforts of secured creditors to enforce their rights, dismissal of the petition for lack of good faith is appropriate.")

11.      Chapter 13 relief is restricted exclusively to individuals. *See* 11 U.S.C.A. § 109(e) ("[o]nly an *individual* with regular income…may be a debtor under chapter 13 of this title.") (emphasis added). The current title holder of the Property (a Trust) is not an "individual" eligible for relief under this Chapter. Consequently, Debtor cannot extend the benefits of his personal bankruptcy to the Trust.

12.      Pursuant to 11 U.S.C. § 541(a)(1), a bankruptcy estate is comprised only of the "legal or equitable interests of the debtor in property as of the commencement of the case."

13. While Debtor is personally liable for the debt, having executed the Note both as Manager of the LLC and individually, this personal liability does not grant Debtor an ownership interest in the Property owned by a third party (i.e. first an LLC, then a Trust).

14. The Middle District of Florida has explicitly held that "[t]he Florida statutory scheme is clear that a limited liability company holds property separate and apart from the property of its members[.]" *In re Whittle*, 449 B.R. 427, 430 (Bankr. M.D. Fla. 2011). Consequently, Debtor's status as a manager or affiliate of the LLC and/or Trust does not grant him personal ownership interest in the Property. Because the Property is not "property of the estate" under § 541, it is not subject to the automatic stay of 11 U.S.C. § 362(a), and Movant should be permitted to finalize its foreclosure proceedings.

15. Additionally, Movant's interest in the Property is not adequately protected. Movant has no security for the Note other than the Mortgage, which is a lien against the Property. Under section 362(d)(1), stay relief is warranted when there is a "lack of adequate protection of an interest in property".

16. While Debtor has failed to file the mandatory bankruptcy Schedules, preventing a calculation of any equity in the Property, the Eleventh Circuit has established that a bankruptcy judge has "broad equitable power to inquire into the validity of a claim" and the value of the underlying collateral. *In re Six*, 80 F.3d 452, 454-55 (11th Cir. 1996).

17. Here, Movant holds a Final Judgment against Debtor for a Note that matured in full in 2024. Debtor has made no payments toward the Note, pre- or post-petition, and now Movant's claim exceeds $1.1 million. Even in the absence of Debtor's provided valuation, the sheer magnitude of this matured debt, combined with Debtor's total failure to service the obligation, creates a prima facie case that no meaningful equity exists for the estate. (*See* Doc. No. 12,

Amended Notice of Incomplete and/or Deficient Filing and Opportunity to Cure Deficiencies, highlighting Debtor's failure to file critical documents required in bankruptcy proceedings).

18.     Without a filed Plan or Schedules, Debtor cannot meet the burden of proof under 11 U.S.C. § 362(g)(2) to demonstrate that the Property is "necessary to an effective reorganization."

19.     The United States Supreme Court has held that for property to be "necessary to an effective reorganization," a debtor must show more than a mere need for the property; they must demonstrate that a successful reorganization "is in prospect" and that there is a "reasonable possibility of a successful reorganization within a reasonable time." *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365, 375-76 (1988).

20.     Movant has established in the Foreclosure Action and Final Judgment that Debtor lacks any equity in the Property under 11 U.S.C. § 362(g)(1) given the $1.1+ million matured debt and lack of payment as to the Note. Consequently, the burden shifts to Debtor to establish that the Property is "necessary to an effective reorganization." *Timbers*, 484 U.S. at 375.

21.     In the present case, a reorganization is not "in prospect" because Debtor has failed to file a Chapter 13 Plan or Schedules A through J. *See* Doc. No. 12. Without these mandatory filings, Debtor cannot meet the burden of proof under § 362(g)(2) to show that any reorganization is even possible, let alone "reasonable" or "within a reasonable time." *Id.* at 376.

22.     Here, there is no reorganization in prospect; there is only a procedurally deficient petition filed to forestall a matured $1.1+ million obligation. This "delay for delay's sake" constitutes a lack of good faith and warrants the immediate termination of the stay.

23.     In the event this Motion is granted, Movant will proceed with the Foreclosure Action and pursue a foreclosure sale of the Property.

24.     Based on the foregoing, because the Property was never in the name of Debtor and is not currently in the name of Debtor, because Debtor only filed the bankruptcy in order to postpone the foreclosure sale, because Debtor has no equity in the Property, and because Debtor has failed to file the mandatory filings to prove that reorganization is reasonably possible, the Court should lift the stay in the Foreclosure Action to the extent required to move forward with the foreclosure sale of the Property.

WHEREFORE, Movant/Creditor requests that this Court enter an order granting it relief from the automatic stay under 11 U.S.C. § 362(d) of the United States Bankruptcy Code, allowing Movant/Creditor to proceed with the Foreclosure Action to the extent necessary to complete the foreclosure sale, and granting such other relief as the Court may deem appropriate.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been served on this 7th day of April, 2026, via CM/ECF Electronic Noticing upon the Chapter 13 Trustee and all parties registered to receive notice in this case, and via First Class U.S. Mail upon the Debtor, Franklin Cruz, at 1506 N. Olive Street, Lakeland, FL 33815.

*/s/ Elliott V. Mitchell*
**ELLIOTT V. MITCHELL, ESQ.**
Florida Bar Number: 118342
Clark, Campbell, Lancaster,
Workman, & Airth, P.A.
500 South Florida Avenue, Suite 800
Lakeland, Florida 33801
Telephone: (863) 647-5337
Fax: (863) 647-5012
E-Mail: emitchell@clarkcampbell-law.com
Secondary E-Mail:
agibbons@clarkcampbell-law.com

6

# EXHIBIT "A"

**PARCEL NO. 1:**

Lots 4 through 31, inclusive of Block 5; Lots 1 through 8, inclusive, and Lots 9 through 40 inclusive of Block 6 all in WESTGATE, Lakeland, Florida, according to the Plat thereof, recorded in Plat Book 10, Page 23, public records of Polk County, Florida

Together with those portions of vacated Illinois Avenue, lying West of Lots 4 through 20, Block 5, and East of Lots 9 through 24, inclusive of Block 6 and those portions of vacated Wayman Street, lying North of Lots 20 through 31, Block 5 and South of Lots 24 and 25, Block 6 and that portion of the East-West alley located North of Lots 9 and 40, Block 6, WESTGATE, according to the map or plat thereof, recorded in Plat Book 10, Page 23, of the public records of Polk County, Florida.

Property Address: 1506 Olive Street, Lakeland, FL 33815

Parcel ID: 23-28-23-100500-005040

**PARCEL NO. 2:**

Parcel 100 as recorded in Official Records Book 1547, Page 1303 of the Public Records of Polk County, Florida. Being more particularly described as follows:

All of lots 1 through 9 & Lot 40, Block 7, Westgate Subdivision in Section 23, Township 28 South, Range 23, East, as per plat thereof recorded in Plat Book 10, page 23, Public Records of Polk County, Florida.

Containing 23,750 square feet or 0.545 acre more or less.

Property Address: 0 Oregon Avenue, Lakeland, FL 33815

Parcel ID: 23-28-23-100500-007010

**PARCEL NO. 3:**

Lots 10 and 39, Block 7, Westgate Subdivision, according to the map or plat thereof, as recorded in Plat Book 10, page 23, inclusive, of the Public Records of Polk County, Florida

Property Address: 0 Oregon Avenue, Lakeland, FL 33815 and

Parcel ID: 23-28-23-100500-007100

**PARCEL NO. 4:**

Lots 20 through 24, Block 7, Westgate Subdivision, according to the map or plat thereof, as recorded in Plat Book 10, page 23, inclusive, of the Public Records of Polk County, Florida

Property Address: 0 Delaware Avenue, Lakeland, FL 33815

Parcel ID: 23-28-23-100500-007200

**PARCEL NO. 5:**

Lots 11, 12, 37 and 38, Block 7, Westgate, according to the map or plat thereof, as recorded in Plat Book 10, page 23, of the Public Records of Polk County, Florida.

Property Address: 458 Oregon Avenue, Lakeland, FL 33803

Parcel ID: 23-28-23-100500-007110

# EXHIBIT "B"

INSTR # 20220017485
BK 12081 Pgs 1248-1251 PG(s)4
RECORDED 01/20/2022 12:39:41 PM
STACY M. BUTTERFIELD,
CLERK OF COURT POLK COUNTY
MTG DOC $2,625.00
INTANG TAX $1,500.00
RECORDING FEES $35.50
RECORDED BY laurdavi

_____[Space Above This Line For Recording Data]____

# MORTGAGE

**This Indenture**, Made this **January 11, 2022**, by and between **True Investors Development LLC, a** ← /ℝ
Florida limited liability company whose address is **1945 Via Lago Dr, Lakeland, Fl 33810**, hereinafter
called the Mortgagor, and **Lakeland Habitat for Humanity, Inc** whose address is **1317 George Jenkins
Blvd, Fl 33815**, hereinafter called the Mortgagee:

>Lakeland's (HFH) loan of $750,000 will be held as a mortgage at a 5% preferred
>return. (HFH) will be repaid upon sale of property, any loans, and or the principal
>balance will be paid in full on or before Dec 1, 2024, or sooner.
>
>The terms "Mortgagor" and "Mortgagee", shall include heirs, personal representatives,
>successors, legal representatives, and assigns, and shall denote the singular and/or the plural,
>and the masculine and/or the feminine and natural and/or artificial persons, whenever and
>wherever the context so admits or requires.

**Witnesseth**, that the said Mortgagor, for and in consideration of the aggregate sum named in the
promissory note, a copy of which is attached hereto the receipt of which is hereby acknowledged, does
grant, bargain and sell to the said Mortgagee, his successors, and assigns, in fee simple, the following
described land, situate, lying and being in Polk County, Florida, to wit:

>**WESTGATE SUB PB 10 PG 23 BLK 5 LOTS 4 THRU 31 & BLK 6 LOTS LOTS 1
>THRU 40 & CLOSED ALLEY LYING N OF LOTS 9 & 40 IN BLK 6 & THAT PART
>OF CLOSED ILLINOIS AVE LYING BETWEEN BLKS 5 & 6 LESS N 85 FT &
>THAT PT OF OF CLOSED WAYMAN STREET LYING E OF W LINE OF LOT 25
>OF BLK 6**
>
>**WESTGATE SUB PB 10 PG 23 BLK 7 LOTS 1 THRU 9 & 40**
>
>**WESTGATE SUB PB 10 PG 23 BLK 7 LOTS 10 & 39**
>
>**WESTGATE SUB PB 10 PG 23 BLK 7 LOTS 11 12 37 & 38**
>
>**WESTGATE SUB PB 10 PG 23 BLK 7 LOTS 20 TO 24**

And the said Mortgagor does hereby fully warrant the title to said land and will defend the same against
the lawful claims of all persons whomsoever.

**Provided always**, that if said Mortgagor, his successors or assigns, shall pay unto the said Mortgagee, his
successors or assigns, that certain promissory note, of which a true and correct copy is attached, and
Mortgagor shall perform, comply with and abide by each and every stipulation, agreement, condition and
covenant of said promissory note and of this mortgage, and shall duly pay all taxes, all insurance

Mortgagor hereby covenants and agrees:

1. To pay the principal and interest and other sums of money payable by virtue of said promissory note and this mortgage, or either, promptly on the days respectively the same severally come due.

2. ~~To keep the buildings now or hereafter on the land insured for fire and extended coverage in a sum at least equal to the amount owed on the above described promissory note, and name the Mortgagee as loss payees, and to furnish Mortgagee with a copy of all current policies. If Mortgagor does not provide Mortgagee with copies of the policies showing Mortgagee as loss payees after 14 days written demand by Mortgagee, then Mortgagee may purchase such insurance and shall add any payments made for such policy to the principal balance owed on the mortgage, and such payments shall accrue interest at the maximum rate of interest allowed by law. In the event any sum of money becomes payable under such policy, Mortgagee, his legal representatives or assigns, shall have the option to receive and apply the same on account of the indebtedness hereby secured or to permit Mortgagor to receive and use it or any part thereof for repair or replacement, without hereby waiving or impairing any equity, lien or right under or by virtue of this mortgage. In the event of loss Mortgagor shall give immediate notice to Mortgagee.~~

3. To permit, commit or suffer no waste, impairment or deterioration of the property, or any part thereof.

4. To permit no other lien or mortgage to be placed ahead of this mortgage.

5. Mortgagor shall provide proof of payment of annual real estate taxes by March 15, for the preceding year's taxes. In the event that Mortgagor does not pay the taxes by such date, the Mortgagee may pay the taxes and the full amount of such payment by Mortgagee shall be added to the principal balance owed on the mortgage, and shall accrue interest at the maximum rate allowed by law.

6. The Mortgagee may, at any time pending a suit upon this mortgage, apply to the court having jurisdiction thereof for the appointment of a receiver, and such court shall forthwith appoint a receiver, and such receiver shall have all the broad and effective functions and powers in anywise entrusted by a court to a receiver, and such appointment shall be made by such court as an admitted equity and a matter of absolute right to said Mortgagee. The rents, profits, income, issues, and revenues shall be applied by such receiver according to the lien of this mortgage.

7. If any of the sums of money due and owing to Mortgagee under the terms of the promissory note and this mortgage, including but not limited to any advance made by Mortgagee for the payment of insurance or taxes, are not paid within 5 days after the same become due and payable, or if each of the stipulations, agreements, conditions, and covenants of the promissory note and this mortgage, or either, are not fully performed or complied with the aggregate sum owed on the promissory note shall become due and payable forthwith or thereafter at the option of Mortgagee, his successors, legal representatives, or assigns.

This mortgage and the note hereby secured shall be construed and enforced according to the laws of the State of Florida.

Initials

2

The principal sum secured hereby, along with any interest to be paid in accordance with the terms of the note secured hereby, shall immediately become due and payable without notice, if a transfer of title to the premises by sale or otherwise is made without the Mortgagee's written consent, while this mortgage remains a lien thereon, at the option of Mortgagee, his successors, legal representatives, or assigns.

**Executed at Polk County, Florida on the date written above.**

Signed, sealed and delivered in the presence of:

_____
Witness # 1 Signature

Stephanie Janvier
Witness # 1 Print Name

_____
Witness # 2 Signature

Jennifer Manning
Witness # 2 Print Name

True Investors Development, LLC, a Florida limited liability company
By: _____
Franklin Andrew Cruz

The foregoing instrument was acknowledged before me this 13th day of January, 2022 **by Franklin Andrew Cruz, True Investors Development, LLC** who are <u>personally known</u> to me or have produced <u>a driver's license</u> or _____ has identification.

**SEAL**

_____
Notary Public

Stephanie Janvier
Printed Notary Name

**My Commission Expires:**

May 12, 2024

STEPHANIE JANVIER
Notary Public - State of Florida
Commission # HH 196853
My Comm. Expires May 12, 2024

Initials

3

# PROMISSORY NOTE

$750,000.00

**January 11, 2022**
**Lakeland, Polk County, Florida**

**FOR VALUE RECEIVED,** the undersigned promise to pay to the order of **Lakeland Habitat for Humanity, Inc** at Olive Street Parcels, Lakeland, FL 33813 or at such other address as may be indicated in writing, in the manner hereinafter specified, the principal sum of **Seven Hundred Fifty Thousand** and 00/100 ($750,000.00) Dollars with interest from the date hereof, at the rate of percent (5%) per annum on the balance from time to time remaining unpaid. The said principal and interest shall be payable in lawful money of the United States of America.

This note may be prepaid, in whole or in part, without penalty, at any time.
This note with interest is secured by a mortgage on real estate, of even date herewith, made by the makers hereof in favor of the said payee, and shall be construed and enforced according to the laws of the State of Florida.

If the default is made in the payment of any installment under this note, and if such default is not made good, the entire principal sum along with interest accruing from the date of default at the highest rate allowed by law shall at once become due and payable without notice at the option of the holder of this Note. Failure to exercise this option shall not constitute a waiver of the right to exercise the same at a later time for the same default or for any subsequent default. In the event of default in the payment of this note, and if the same is placed in the hands of an attorney for collection, the undersigned hereby agree to pay all costs of collection, including a reasonable attorney's fee.

Makers waive demand, presentment for payment, protest, and notice of nonpayment and dishonor.

**TRUE INVESTORS DEVELOPMENT LLC, a Florida limited liability company**

By: _____
Franklin Cruz, Managing Member

_____
Franklin Cruz, Individually

The state documentary tax due on this Note has been paid on the Mortgage securing this indebtedness.

STEPHANIE JANVIER
Notary Public - State of Florida
Commission # HH 196853
My Comm. Expires May 12, 2024

4

Initials

# EXHIBIT "C"

INSTR # 2023292281
BK 12941 Pgs 1761-1762 PG(s)2
12/14/2023 02:17:09 PM
STACY M. BUTTERFIELD,
CLERK OF COURT POLK COUNTY
RECORDING FEES 18.50
DEED DOC 0.70

Prepared by and Return to:
Common Wealth Trust Services, LLC
122 E. Lake Ave, Longwood, FL 32750

Parcel ID: 232823-100500-007200

No Title Search Performed, No Title Opinion Rendered          Space above this line reserved for recording office use only

## DEED TO TRUSTEE UNDER OLIVE DEVELOPMENT LAND TRUST

THIS DEED TO TRUSTEE made this 12th day of December, 2023, by **True Investors Development LLC**, a Florida Limited Liability Company, whose address is 1945 Via Lago Drive, Lakeland, FL 33810, hereinafter referred to as Grantor, to Common Wealth Trust Services, LLC, a Florida Limited Liability Company, as Trustee of the **OLIVE DEVELOPMENT LAND TRUST, dated December 8, 2023**, with full power and authority to protect, conserve and to sell, or to lease or to encumber, or to otherwise manage and dispose of the property hereinafter described, whose address is 122 E. Lake Avenue, Longwood, Florida 32750, hereinafter referred to as Trustee.

WITNESSETH:

That the Grantor, for and in consideration of the sum of ten dollars and no cents ($10.00) and other good and valuable consideration, receipt of which is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto Trustee, all that certain land situate in **Polk County, Florida,** located and described as follows:

**Lots 20 through 24, inclusive, Block 7, Westgate, a subdivision according to the plat thereof recorded in Plat Book 10, Page 23, of the Public Records of Polk County, Florida.**

**Parcel ID: 232823-100500-007200**
**a/k/a: XX Delaware Ave., Lakeland, FL 33815**

This conveyance is subject to:
I.      Taxes and Assessments for the year 2023 and subsequent years.
II.     Zoning and other governmental regulations.
III.    No documentary stamp taxes due according to F.A.C. 12B-4.013 (28)(a).

Said property is not the homestead of the Grantor(s) under the laws and constitution of the State of Florida in that neither Grantor(s) or any members of the household of Grantor(s) reside thereon.

TO HAVE AND TO HOLD the above-described real estate in fee simple with the appurtenances upon the trust and for the purposes set forth in this Deed and in the OLIVE DEVELOPMENT Land Trust (Trust Agreement).

Full power and authority is hereby granted to said Trustee to improve, subdivide, protect, conserve, sell, lease, encumber and otherwise manage and dispose of said property or any part thereof, to dedicate parks, streets, highways or alleys and to vacate any subdivision or part thereof, and to subdivide said property as often as desired, to contract to sell, to grant options to purchase, to sell on any terms, to convey either with or without consideration, to convey said property or any part thereof to a successor or successors in trust and to grant to such successor or successors in trust all of the title, estate, powers and authorities vested in said trustee, to donate, to dedicate, to mortgage, pledge or otherwise encumber said property, or any part thereof, and to deal with said property and every part thereof in all other ways, and for such other considerations as it would be lawful for any person owning the same to deal with the same, whether similar to or different from the ways above specified, at any time or times hereafter.

In no case shall any party dealing with the Trustee in relation to the real estate or to whom the real estate or any part of it shall be conveyed, contracted to be sold, leased or mortgaged by Trustee, be obliged to see to the application of any purchase money,

rent or money borrowed or advanced on the premises, or be obliged to see that the terms of this trust have been complied with, or be obliged to inquire into the necessity or expediency of any act of the Trustee, or be obliged or privileged to inquire into any of the terms of the Trust Agreement or Declaration of Trust or the identification or status of any named or unnamed beneficiaries, or their heirs or assigns to whom the Trustee may be accountable; and every deed, trust deed, mortgage, lease or other instrument executed by Trustee in relation to the real estate shall be conclusive evidence in favor of every person relying upon or claiming under any such conveyance, lease or other instrument

The interest of each beneficiary under this Deed and under the Trust Agreement referred to previously and of all persons claiming under them or any of them shall be only in the earnings, avails and proceeds arising from the sale or other disposition of the real estate, and that interest is declared to be personal property, and no beneficiary under this Deed shall have any title or interest, legal or equitable, in or to the real estate as such but only as interest in the earnings, avails and proceeds from that real estate as aforesaid.

In the event of the corporate dissolution of the Trustee, the successor trustee shall be N/A. Title to the land described herein shall be deemed to be held by the successor trustee and to pass to the successor trustee without the requirement of recording any further or additional documents.

This deed is given and accepted in accordance with Section 689.073, Florida Statutes. The Trustee shall have no personal liability whatsoever for action as trustee under the trust agreement referred to above or by virtue of taking title to the land described above and the sole liability of Trustee hereunder shall be limited to the property, which the Trustee holds under the trust agreement referred to above.

And the Grantor by this Deed does hereby convey, release and quitclaim all of the Grantor's rights, title and interest in and to the above-described property and premises to the Grantee(s) and to the Grantee(s) heirs and assigns forever. So that neither Grantor(s) nor Grantor's heirs, legal representatives or assigns shall have, claim or demand any right or title to the property, premises, or appurtenances, or any part thereof. "Grantor", "Grantee", "Trustee", and "Beneficiary" are used for singular or plural, as context requires.

Signed and sealed in the presence of two Witnesses:    Grantor: True Investors Development LLC

Print Name: _Adrienne Hodge_                           By: Franklin Andrew Cruz, MGR

Print Name: _Sonic Jaimes_

STATE OF FLORIDA
COUNTY OF __Polk__

The foregoing instrument was acknowledged before me by means of ☒physical presence or ☐online notarization, this _12_ day of December, 2023 by Franklin Andrew Cruz, MGR for True Investors Development LLC, a Florida Limited Liability Company.

[Seal]

SONIA JAIMES
MY COMMISSION # HH 004073
EXPIRES: June 6, 2024
Bonded Thru Notary Public Underwriters

Signature of Notary Public
☒ Personally Known or ☐Produced Identification
Type of Identification Produced ____FL DL____

INSTR # 2023292282
BK 12941 Pgs 1763-1764 PG(s)2
12/14/2023 02:17:09 PM
STACY M. BUTTERFIELD,
CLERK OF COURT POLK COUNTY
RECORDING FEES 18.50
DEED DOC 0.70

Prepared by and Return to:
Common Wealth Trust Services, LLC
122 E. Lake Ave, Longwood, FL 32750

Parcel ID: 232823-100500-007110

---

No Title Search Performed, No Title Opinion Rendered          Space above this line reserved for recording office use only

# DEED TO TRUSTEE UNDER OLIVE DEVELOPMENT LAND TRUST

THIS DEED TO TRUSTEE made this 12th day of December, 2023, by **True Investors Development LLC**, a Florida Limited Liability Company, whose address is 1945 Via Lago Drive, Lakeland, FL 33810, hereinafter referred to as Grantor, to Common Wealth Trust Services, LLC, a Florida Limited Liability Company, as Trustee of the **OLIVE DEVELOPMENT LAND TRUST, dated December 8 , 2023**, with full power and authority to protect, conserve and to sell, or to lease or to encumber, or to otherwise manage and dispose of the property hereinafter described, whose address is 122 E. Lake Avenue, Longwood, Florida 32750, hereinafter referred to as Trustee.

WITNESSETH:

That the Grantor, for and in consideration of the sum of ten dollars and no cents ($10.00) and other good and valuable consideration, receipt of which is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto Trustee, all that certain land situate in **Polk County, Florida,** located and described as follows:

**Lots 11, 12, 37 and 38, Block 7, Westgate, a subdivision according to the plat thereof recorded in Plat Book 10, Page 23, of the Public Records of Polk County, Florida.**

**Parcel ID: 232823-100500-007110**
**a/k/a: 458 Oregon Ave., Lakeland, FL 33815**

This conveyance is subject to:
I.        Taxes and Assessments for the year 2023 and subsequent years.
II.       Zoning and other governmental regulations.
III.      No documentary stamp taxes due according to F.A.C. 12B-4.013 (28)(a).

Said property is not the homestead of the Grantor(s) under the laws and constitution of the State of Florida in that neither Grantor(s) or any members of the household of Grantor(s) reside thereon.

TO HAVE AND TO HOLD the above-described real estate in fee simple with the appurtenances upon the trust and for the purposes set forth in this Deed and in the OLIVE DEVELOPMENT Land Trust (Trust Agreement).

Full power and authority is hereby granted to said Trustee to improve, subdivide, protect, conserve, sell, lease, encumber and otherwise manage and dispose of said property or any part thereof, to dedicate parks, streets, highways or alleys and to vacate any subdivision or part thereof, and to subdivide said property as often as desired, to contract to sell, to grant options to purchase, to sell on any terms, to convey either with or without consideration, to convey said property or any part thereof to a successor or successors in trust and to grant to such successor or successors in trust all of the title, estate, powers and authorities vested in said trustee, to donate, to dedicate, to mortgage, pledge or otherwise encumber said property, or any part thereof, and to deal with said property and every part thereof in all other ways, and for such other considerations as it would be lawful for any person owning the same to deal with the same, whether similar to or different from the ways above specified, at any time or times hereafter.

In no case shall any party dealing with the Trustee in relation to the real estate or to whom the real estate or any part of it shall be conveyed, contracted to be sold, leased or mortgaged by Trustee, be obliged to see to the application of any purchase money,

rent or money borrowed or advanced on the premises, or be obliged to see that the terms of this trust have been complied with, or be obliged to inquire into the necessity or expediency of any act of the Trustee, or be obliged or privileged to inquire into any of the terms of the Trust Agreement or Declaration of Trust or the identification or status of any named or unnamed beneficiaries, or their heirs or assigns to whom the Trustee may be accountable; and every deed, trust deed, mortgage, lease or other instrument executed by Trustee in relation to the real estate shall be conclusive evidence in favor of every person relying upon or claiming under any such conveyance, lease or other instrument

The interest of each beneficiary under this Deed and under the Trust Agreement referred to previously and of all persons claiming under them or any of them shall be only in the earnings, avails and proceeds arising from the sale or other disposition of the real estate, and that interest is declared to be personal property, and no beneficiary under this Deed shall have any title or interest, legal or equitable, in or to the real estate as such but only as interest in the earnings, avails and proceeds from that real estate as aforesaid.

In the event of the corporate dissolution of the Trustee, the successor trustee shall be N/A. Title to the land described herein shall be deemed to be held by the successor trustee and to pass to the successor trustee without the requirement of recording any further or additional documents.

This deed is given and accepted in accordance with Section 689.073, Florida Statutes. The Trustee shall have no personal liability whatsoever for action as trustee under the trust agreement referred to above or by virtue of taking title to the land described above and the sole liability of Trustee hereunder shall be limited to the property, which the Trustee holds under the trust agreement referred to above.

And the Grantor by this Deed does hereby convey, release and quitclaim all of the Grantor's rights, title and interest in and to the above-described property and premises to the Grantee(s) and to the Grantee(s) heirs and assigns forever. So that neither Grantor(s) nor Grantor's heirs, legal representatives or assigns shall have, claim or demand any right or title to the property, premises, or appurtenances, or any part thereof. "Grantor", "Grantee", "Trustee", and "Beneficiary" are used for singular or plural, as context requires.

Signed and sealed in the presence of two Witnesses:

Print Name: _Adrienne Hodge_

Print Name: _Sonia Jaimes_

Grantor: True Investors Development LLC

By: Franklin Andrew Cruz, MGR

STATE OF FLORIDA
COUNTY OF _Polk_

The foregoing instrument was acknowledged before me by means of ☒physical presence or ☐online notarization, this 12 day of December, 2023 by Franklin Andrew Cruz, MGR for True Investors Development LLC, a Florida Limited Liability Company.

[Seal]

SONIA JAIMES
MY COMMISSION # HH 004073
EXPIRES: June 6, 2024
Bonded Thru Notary Public Underwriters

Signature of Notary Public
☐ Personally Known or ☒Produced Identification
Type of Identification Produced _FL DL_

Stacy M. Butterfield POLK
CFN# 2023292282 OR BK 12941 PG 1764 Pgs 1763-1764 12/14/2023 02:17:09 PM

INSTR # 2023292283
BK 12941 Pgs 1765-1766 PG(s)2
12/14/2023 02:17:09 PM
STACY M. BUTTERFIELD,
CLERK OF COURT POLK COUNTY
RECORDING FEES 18.50
DEED DOC 0.70

Prepared by and Return to:
Common Wealth Trust Services, LLC
122 E. Lake Ave, Longwood, FL 32750

Parcel ID: 232823-100500-007100

No Title Search Performed, No Title Opinion Rendered          Space above this line reserved for recording office use only

## DEED TO TRUSTEE UNDER OLIVE DEVELOPMENT LAND TRUST

THIS DEED TO TRUSTEE made this 12 day of December, 2023, by **True Investors Development LLC**, a Florida Limited Liability Company, whose address is 1945 Via Lago Drive, Lakeland, FL 33810, hereinafter referred to as Grantor, to Common Wealth Trust Services, LLC, a Florida Limited Liability Company, as Trustee of the **OLIVE DEVELOPMENT LAND TRUST, dated December _8_, 2023**, with full power and authority to protect, conserve and to sell, or to lease or to encumber, or to otherwise manage and dispose of the property hereinafter described, whose address is 122 E. Lake Avenue, Longwood, Florida 32750, hereinafter referred to as Trustee.

WITNESSETH:

That the Grantor, for and in consideration of the sum of ten dollars and no cents ($10.00) and other good and valuable consideration, receipt of which is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto Trustee, all that certain land situate in **Polk County, Florida,** located and described as follows:

**Lots 10 and 39, Block 7, Westgate, a subdivision according to the plat thereof recorded in Plat Book 10, Page 23, of the Public Records of Polk County, Florida.**

**Parcel ID: 232823-100500-007100**
**a/k/a: XX Oregon Ave., Lakeland, FL 33815**

This conveyance is subject to:
I.      Taxes and Assessments for the year 2023 and subsequent years.
II.     Zoning and other governmental regulations.
III.    No documentary stamp taxes due according to F.A.C. 12B-4.013 (28)(a).

Said property is not the homestead of the Grantor(s) under the laws and constitution of the State of Florida in that neither Grantor(s) or any members of the household of Grantor(s) reside thereon.

TO HAVE AND TO HOLD the above-described real estate in fee simple with the appurtenances upon the trust and for the purposes set forth in this Deed and in the OLIVE DEVELOPMENT Land Trust (Trust Agreement).

Full power and authority is hereby granted to said Trustee to improve, subdivide, protect, conserve, sell, lease, encumber and otherwise manage and dispose of said property or any part thereof, to dedicate parks, streets, highways or alleys and to vacate any subdivision or part thereof, and to subdivide said property as often as desired, to contract to sell, to grant options to purchase, to sell on any terms, to convey either with or without consideration, to convey said property or any part thereof to a successor or successors in trust and to grant to such successor or successors in trust all of the title, estate, powers and authorities vested in said trustee, to donate, to dedicate, to mortgage, pledge or otherwise encumber said property, or any part thereof, and to deal with said property and every part thereof in all other ways, and for such other considerations as it would be lawful for any person owning the same to deal with the same, whether similar to or different from the ways above specified, at any time or times hereafter.

In no case shall any party dealing with the Trustee in relation to the real estate or to whom the real estate or any part of it shall be conveyed, contracted to be sold, leased or mortgaged by Trustee, be obliged to see to the application of any purchase money,

rent or money borrowed or advanced on the premises, or be obliged to see that the terms of this trust have been complied with, or be obliged to inquire into the necessity or expediency of any act of the Trustee, or be obliged or privileged to inquire into any of the terms of the Trust Agreement or Declaration of Trust or the identification or status of any named or unnamed beneficiaries, or their heirs or assigns to whom the Trustee may be accountable; and every deed, trust deed, mortgage, lease or other instrument executed by Trustee in relation to the real estate shall be conclusive evidence in favor of every person relying upon or claiming under any such conveyance, lease or other instrument

The interest of each beneficiary under this Deed and under the Trust Agreement referred to previously and of all persons claiming under them or any of them shall be only in the earnings, avails and proceeds arising from the sale or other disposition of the real estate, and that interest is declared to be personal property, and no beneficiary under this Deed shall have any title or interest, legal or equitable, in or to the real estate as such but only as interest in the earnings, avails and proceeds from that real estate as aforesaid.

In the event of the corporate dissolution of the Trustee, the successor trustee shall be N/A. Title to the land described herein shall be deemed to be held by the successor trustee and to pass to the successor trustee without the requirement of recording any further or additional documents.

This deed is given and accepted in accordance with Section 689.073, Florida Statutes. The Trustee shall have no personal liability whatsoever for action as trustee under the trust agreement referred to above or by virtue of taking title to the land described above and the sole liability of Trustee hereunder shall be limited to the property, which the Trustee holds under the trust agreement referred to above.

And the Grantor by this Deed does hereby convey, release and quitclaim all of the Grantor's rights, title and interest in and to the above-described property and premises to the Grantee(s) and to the Grantee(s) heirs and assigns forever. So that neither Grantor(s) nor Grantor's heirs, legal representatives or assigns shall have, claim or demand any right or title to the property, premises, or appurtenances, or any part thereof. "Grantor", "Grantee", "Trustee", and "Beneficiary" are used for singular or plural, as context requires.

Signed and sealed in the presence of two Witnesses:

Print Name: _Adrienne Hodge_

Print Name: _Sonia Jaimes_

Grantor: True Investors Development LLC

By: Franklin Andrew Cruz, MGR

STATE OF FLORIDA
COUNTY OF _Polk_

The foregoing instrument was acknowledged before me by means of ☑physical presence or ☐online notarization, this _12_ day of December, 2023 by Franklin Andrew Cruz, MGR for True Investors Development LLC, a Florida Limited Liability Company.

[Seal]

SONIA JAIMES
MY COMMISSION # HH 004073
EXPIRES: June 6, 2024
Bonded Thru Notary Public Underwriters

Signature of Notary Public
☐ Personally Known or ☑Produced Identification
Type of Identification Produced _____

INSTR # 2023292284
BK 12941 Pgs 1767-1768 PG(s)2
12/14/2023 02:17:09 PM
STACY M. BUTTERFIELD,
CLERK OF COURT POLK COUNTY
RECORDING FEES 18.50
DEED DOC 0.70

Prepared by and Return to:
Common Wealth Trust Services, LLC
122 E. Lake Ave, Longwood, FL 32750

Parcel ID: 23-28-23-100500-005040

_____

No Title Search Performed, No Title Opinion Rendered      Space above this line reserved for recording office use only

## DEED TO TRUSTEE UNDER OLIVE DEVELOPMENT LAND TRUST

THIS DEED TO TRUSTEE made this |2 day of December, 2023, by **True Investors Development LLC**, a Florida Limited Liability Company, whose address is 1945 Via Lago Drive, Lakeland, FL 33810, hereinafter referred to as Grantor, to Common Wealth Trust Services, LLC, a Florida Limited Liability Company, as Trustee of the **OLIVE DEVELOPMENT LAND TRUST, dated December  X , 2023**, with full power and authority to protect, conserve and to sell, or to lease or to encumber, or to otherwise manage and dispose of the property hereinafter described, whose address is 122 E. Lake Avenue, Longwood, Florida 32750, hereinafter referred to as Trustee.

WITNESSETH:

That the Grantor, for and in consideration of the sum of ten dollars and no cents ($10.00) and other good and valuable consideration, receipt of which is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto Trustee, all that certain land situate in **Polk County, Florida,** located and described as follows:

**WESTGATE SUB PB 10 PG 23 BLK 5 LOTS 4 THRU 31 & BLK 6 LOTS LOTS 1 THRU 40 & CLOSED ALLEY LYING N OF LOTS 9 & 40 IN BLK 6 & THAT PART OF CLOSED ILLINOIS AVE LYING BETWEEN BLKS 5 & 6 LESS N 85 FT & THAT PT OF OF CLOSED WAYMAN STREET LYING E OF W LINE OF LOT 25 OF BLK 6 OF THE PUBLIC RECORDS OF POLK COUNTY, FLORIDA.**

**Parcel ID: 23-28-23-100500-005040**
**a/k/a: 1506 Olive St, Lakeland, FL 33815**

This conveyance is subject to:
I.      Taxes and Assessments for the year 2023 and subsequent years.
II.      Zoning and other governmental regulations.
III.      No documentary stamp taxes due according to F.A.C. 12B-4.013 (28)(a).

Said property is not the homestead of the Grantor(s) under the laws and constitution of the State of Florida in that neither Grantor(s) or any members of the household of Grantor(s) reside thereon.

TO HAVE AND TO HOLD the above-described real estate in fee simple with the appurtenances upon the trust and for the purposes set forth in this Deed and in the OLIVE DEVELOPMENT Land Trust (Trust Agreement).

Full power and authority is hereby granted to said Trustee to improve, subdivide, protect, conserve, sell, lease, encumber and otherwise manage and dispose of said property or any part thereof, to dedicate parks, streets, highways or alleys and to vacate any subdivision or part thereof, and to subdivide said property as often as desired, to contract to sell, to grant options to purchase, to sell on any terms, to convey either with or without consideration, to convey said property or any part thereof to a successor or successors in trust and to grant to such successor or successors in trust all of the title, estate, powers and authorities vested in said trustee, to donate, to dedicate, to mortgage, pledge or otherwise encumber said property, or any part thereof, and to deal with said property and every part thereof in all other ways, and for such other considerations as it would be lawful for any person owning the same to deal with the same, whether similar to or different from the ways above specified, at any time or times hereafter.

In no case shall any party dealing with the Trustee in relation to the real estate or to whom the real estate or any part of it shall be conveyed, contracted to be sold, leased or mortgaged by Trustee, be obliged to see to the application of any purchase money, rent or money borrowed or advanced on the premises, or be obliged to see that the terms of this trust have been complied with, or be obliged to inquire into the necessity or expediency of any act of the Trustee, or be obliged or privileged to inquire into any of the terms of the Trust Agreement or Declaration of Trust or the identification or status of any named or unnamed beneficiaries, or their heirs or assigns to whom the Trustee may be accountable; and every deed, trust deed, mortgage, lease or other instrument executed by Trustee in relation to the real estate shall be conclusive evidence in favor of every person relying upon or claiming under any such conveyance, lease or other instrument

The interest of each beneficiary under this Deed and under the Trust Agreement referred to previously and of all persons claiming under them or any of them shall be only in the earnings, avails and proceeds arising from the sale or other disposition of the real estate, and that interest is declared to be personal property, and no beneficiary under this Deed shall have any title or interest, legal or equitable, in or to the real estate as such but only as interest in the earnings, avails and proceeds from that real estate as aforesaid.

In the event of the corporate dissolution of the Trustee, the successor trustee shall be N/A. Title to the land described herein shall be deemed to be held by the successor trustee and to pass to the successor trustee without the requirement of recording any further or additional documents.

This deed is given and accepted in accordance with Section 689.073, Florida Statutes. The Trustee shall have no personal liability whatsoever for action as trustee under the trust agreement referred to above or by virtue of taking title to the land described above and the sole liability of Trustee hereunder shall be limited to the property, which the Trustee holds under the trust agreement referred to above.

And the Grantor by this Deed does hereby convey, release and quitclaim all of the Grantor's rights, title and interest in and to the above-described property and premises to the Grantee(s) and to the Grantee(s) heirs and assigns forever. So that neither Grantor(s) nor Grantor's heirs, legal representatives or assigns shall have, claim or demand any right or title to the property, premises, or appurtenances, or any part thereof. "Grantor", "Grantee", "Trustee", and "Beneficiary" are used for singular or plural, as context requires.

Signed and sealed in the presence of two Witnesses:

Print Name: __Adrienne Hodge__

Print Name: __Sonic Jaimes__

Grantor: True Investors Development LLC

By: Franklin Andrew Cruz, MGR

STATE OF FLORIDA
COUNTY OF __Polk__

The foregoing instrument was acknowledged before me by means of ☒physical presence or ☐online notarization, this __12__ day of December, 2023 by Franklin Andrew Cruz, MGR for True Investors Development LLC, a Florida Limited Liability Company.

[Seal]

SONIA JAIMES
MY COMMISSION # HH 004073
EXPIRES: June 6, 2024
Bonded Thru Notary Public Underwriters

Signature of Notary Public
☐ Personally Known or ☒Produced Identification
Type of Identification Produced __FL DL__

OLIVE DEVELOPMENT Land Trust | Deed to Trustee | Page 2 of 2

INSTR # 2023292285
BK 12941 Pgs 1769-1770 PG(s)2
12/14/2023 02:17:09 PM
STACY M. BUTTERFIELD,
CLERK OF COURT POLK COUNTY
RECORDING FEES 18.50
DEED DOC 0.70

Prepared by and Return to:
Common Wealth Trust Services, LLC
122 E. Lake Ave, Longwood, FL 32750

Parcel ID: 232823-100500-007010

_____

No Title Search Performed, No Title Opinion Rendered          Space above this line reserved for recording office use only

# DEED TO TRUSTEE UNDER OLIVE DEVELOPMENT LAND TRUST

THIS DEED TO TRUSTEE made this \12 day of December, 2023, by **True Investors Development LLC**, a Florida Limited Liability Company, whose address is 1945 Via Lago Drive, Lakeland, FL 33810, hereinafter referred to as Grantor, to Common Wealth Trust Services, LLC, a Florida Limited Liability Company, as Trustee of the **OLIVE DEVELOPMENT LAND TRUST, dated December \8 , 2023**, with full power and authority to protect, conserve and to sell, or to lease or to encumber, or to otherwise manage and dispose of the property hereinafter described, whose address is 122 E. Lake Avenue, Longwood, Florida 32750, hereinafter referred to as Trustee.

WITNESSETH:

That the Grantor, for and in consideration of the sum of ten dollars and no cents ($10.00) and other good and valuable consideration, receipt of which is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto Trustee, all that certain land situate in **Polk County, Florida,** located and described as follows:

**Lots 1 through 9, inclusive and Lot 40, Block 7, Westgate, a subdivision according to the plat thereof recorded in Plat Book 10, Page 23, of the Public Records of Polk County, Florida.**

**Parcel ID: 232823-100500-007010**
**a/k/a: XX Oregon Ave., Lakeland, FL 33815**

This conveyance is subject to:
I.        Taxes and Assessments for the year 2023 and subsequent years.
II.       Zoning and other governmental regulations.
III.      No documentary stamp taxes due according to F.A.C. 12B-4.013 (28)(a).

Said property is not the homestead of the Grantor(s) under the laws and constitution of the State of Florida in that neither Grantor(s) or any members of the household of Grantor(s) reside thereon.

TO HAVE AND TO HOLD the above-described real estate in fee simple with the appurtenances upon the trust and for the purposes set forth in this Deed and in the OLIVE DEVELOPMENT Land Trust (Trust Agreement).

Full power and authority is hereby granted to said Trustee to improve, subdivide, protect, conserve, sell, lease, encumber and otherwise manage and dispose of said property or any part thereof, to dedicate parks, streets, highways or alleys and to vacate any subdivision or part thereof, and to subdivide said property as often as desired, to contract to sell, to grant options to purchase, to sell on any terms, to convey either with or without consideration, to convey said property or any part thereof to a successor or successors in trust and to grant to such successor or successors in trust all of the title, estate, powers and authorities vested in said trustee, to donate, to dedicate, to mortgage, pledge or otherwise encumber said property, or any part thereof, and to deal with said property and every part thereof in all other ways, and for such other considerations as it would be lawful for any person owning the same to deal with the same, whether similar to or different from the ways above specified, at any time or times hereafter.

In no case shall any party dealing with the Trustee in relation to the real estate or to whom the real estate or any part of it shall be conveyed, contracted to be sold, leased or mortgaged by Trustee, be obliged to see to the application of any purchase money,

rent or money borrowed or advanced on the premises, or be obliged to see that the terms of this trust have been complied with, or be obliged to inquire into the necessity or expediency of any act of the Trustee, or be obliged or privileged to inquire into any of the terms of the Trust Agreement or Declaration of Trust or the identification or status of any named or unnamed beneficiaries, or their heirs or assigns to whom the Trustee may be accountable; and every deed, trust deed, mortgage, lease or other instrument executed by Trustee in relation to the real estate shall be conclusive evidence in favor of every person relying upon or claiming under any such conveyance, lease or other instrument

The interest of each beneficiary under this Deed and under the Trust Agreement referred to previously and of all persons claiming under them or any of them shall be only in the earnings, avails and proceeds arising from the sale or other disposition of the real estate, and that interest is declared to be personal property, and no beneficiary under this Deed shall have any title or interest, legal or equitable, in or to the real estate as such but only as interest in the earnings, avails and proceeds from that real estate as aforesaid.

In the event of the corporate dissolution of the Trustee, the successor trustee shall be N/A. Title to the land described herein shall be deemed to be held by the successor trustee and to pass to the successor trustee without the requirement of recording any further or additional documents.

This deed is given and accepted in accordance with Section 689.073, Florida Statutes. The Trustee shall have no personal liability whatsoever for action as trustee under the trust agreement referred to above or by virtue of taking title to the land described above and the sole liability of Trustee hereunder shall be limited to the property, which the Trustee holds under the trust agreement referred to above.

And the Grantor by this Deed does hereby convey, release and quitclaim all of the Grantor's rights, title and interest in and to the above-described property and premises to the Grantee(s) and to the Grantee(s) heirs and assigns forever. So that neither Grantor(s) nor Grantor's heirs, legal representatives or assigns shall have, claim or demand any right or title to the property, premises, or appurtenances, or any part thereof. "Grantor", "Grantee", "Trustee", and "Beneficiary" are used for singular or plural, as context requires.

Signed and sealed in the presence of two Witnesses:

Print Name: _Adrienne Hodge_

Print Name: _Sonia Jaimes_

Grantor: True Investors Development LLC

By: Franklin Andrew Cruz, MGR

STATE OF FLORIDA
COUNTY OF _Polk_

The foregoing instrument was acknowledged before me by means of ☒physical presence or ☐online notarization, this 12 day of December, 2023 by Franklin Andrew Cruz, MGR for True Investors Development LLC, a Florida Limited Liability Company.

[Seal]

Signature of Notary Public
☐ Personally Known or ☒Produced Identification
Type of Identification Produced ___FL DL___

SONIA JAIMES
MY COMMISSION # HH 004073
EXPIRES: June 6, 2024
Bonded Thru Notary Public Underwriters

# EXHIBIT "D"

## VERIFIED STATEMENT OF INDEBTEDNESS

The Movant and Creditor, Lakeland Habitat for Humanity, Inc., by and through its authorized representative, hereby submits this Statement of Indebtedness. As of the Petition Date, the amounts owed under the Note and Mortgage are as follows:

| Description | Amount |
|---|---|
| Final Judgment of Foreclosure | $1,135,198.46 |
| Interest (from 1/26/26, Final Judgment, to 3/24/26 Petition Date) | $ 14,962.23 |
| TOTAL PRE-PETITION INDEBTEDNESS | $1,150,160.69 |

**Post-Judgment Interest Rate:** 8.44% per annum

## VERIFICATION

Under penalties of perjury, I declare that I have reviewed the foregoing and that the Statement of Indebtedness is true and correct to the best of my knowledge and belief.

Signed on this __7__ day of April, 2026.

Claire Twomey, CEO
Lakeland Habitat for Humanity, Inc.
1317 George Jenkins Blvd.
Lakeland, FL 33815

# EXHIBIT "E"

**IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA**

LAKELAND HABITAT FOR HUMANITY, INC.,

      Plaintiff,

                                    CASE NO.: 2024CA002047000000

v.

TRUE INVESTORS DEVELOPMENT, LLC,
FRANKLIN CRUZ, COMMONWEALTH
TRUST SERVICES, LLC, as Trustee of the
OLIVE DEVELOPMENT LAND TRUST,
dated December 8, 2023, CITY OF LAKELAND,
FLORIDA, CWTS, LLC as Trustee of the
LAKELAND LENDING TRUST dated December 8,
2023, COMMONWEALTH TRUST SERVICES,
LLC as Trustee of the 720 14th WEST ST.
LAND TRUST dated October 13, 2022, PAXTON
REAL PROPERTIES, LLC and UNKNOWN
TENANTS

      Defendants.

_____/

## **FINAL JUDGMENT OF FORECLOSURE**

This action was heard before the Court on January 5, 2026, upon Plaintiff's Motion for

Summary Judgment. Based on the evidence presented and being otherwise fully informed in the

premises:

IT IS ADJUDGED that:

1. **Amounts Due**. Plaintiff, LAKELAND HABITAT FOR HUMANITY, INC., whose address
is 1317 George Jenkins Blvd., Lakeland, FL 33815, is due the following amounts:

| | |
|---|---|
| Principal | $ 750,000.00 |
| Interest (1/11/22-12/11/23) | $71,815.07 |
| Interest (12/12/23-12/23/25) | $274,438.36 |
| Attorneys' fees | |
|     Finding as to reasonable number of hours: | 126.70 |
|     Finding as to reasonable hourly rate range | $ 150.00 - $430.00 |

| | |
|---|---|
| Attorneys' fees total | $ 35,550.00 |
| Court costs | |
| Filing fee | $ 2,204.03 |
| Service of Process | $ 1,191.00 |
| Court costs total | $ 3,395.03 |
| TOTAL: | $1,135,198.46 |

The total amount in paragraph 1 shall bear interest from this date forward at the prevailing rate pursuant to Fla. Stat. § 55.03.

2. **Lien on Property**. Plaintiff holds a lien for the total sum superior to all claims or estates of Defendants on the property located in Polk County, Florida, and legally described as:

**PARCEL NO. 1:**

Lots 4 through 31, inclusive of Block 5; Lots 1 through 8, inclusive, and Lots 9 through 40 inclusive of Block 6 all in WESTGATE, Lakeland, Florida, according to the Plat thereof, recorded in Plat Book 10, Page 23, public records of Polk County, Florida

Together with those portions of vacated Illinois Avenue, lying West of Lots 4 through 20, Block 5, and East of Lots 9 through 24, inclusive of Block 6 and those portions of vacated Wayman Street, lying North of Lots 20 through 31, Block 5 and South of Lots 24 and 25, Block 6 and that portion of the East-West alley located North of Lots 9 and 40, Block 6, WESTGATE, according to the map or plat thereof, recorded in Plat Book 10, Page 23, of the public records of Polk County, Florida.

Property Address: 1506 Olive Street, Lakeland, FL 33815

Parcel ID: 23-28-23-100500-005040

**PARCEL NO. 2:**

Parcel 100 as recorded in Official Records Book 1547, Page 1303 of the Public Records of Polk County, Florida. Being more particularly described as follows:

All of lots 1 through 9 & Lot 40, Block 7, Westgate Subdivision in Section 23, Township 28 South, Range 23, East, as per plat thereof recorded in Plat Book 10, page 23, Public Records of Polk County, Florida.

Containing 23,750 square feet or 0.545 acre more or less.

Property Address: 0 Oregon Avenue, Lakeland, FL 33815

Parcel ID: 23-28-23-100500-007010

**PARCEL NO. 3:**

Lots 10 and 39, Block 7, Westgate Subdivision, according to the map or plat thereof, as recorded in Plat Book 10, page 23, inclusive, of the Public Records of Polk County, Florida

Property Address: 0 Oregon Avenue, Lakeland, FL 33815 and

Parcel ID: 23-28-23-100500-007100

**PARCEL NO. 4:**

Lots 20 through 24, Block 7, Westgate Subdivision, according to the map or plat thereof, as recorded in Plat Book 10, page 23, inclusive, of the Public Records of Polk County, Florida

Property Address: 0 Delaware Avenue, Lakeland, FL 33815

Parcel ID: 23-28-23-100500-007200

**PARCEL NO. 5:**

Lots 11, 12, 37 and 38, Block 7, Westgate, according to the map or plat thereof, as recorded in Plat Book 10, page 23, of the Public Records of Polk County, Florida.

Property Address: 458 Oregon Avenue, Lakeland, FL 33803

Parcel ID: 23-28-23-100500-007110

3. **Sale of Property.** If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the Clerk of this Court shall sell the property at public sale on __March 2nd__, 20 26 to the highest bidder for cash except as described in paragraph 6,:

> by electronic sale at www.polk.realforeclose.com/ beginning
> at 10:00 a.m. Eastern Time.

4. **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if Plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If Plaintiff is the purchaser, the clerk shall credit Plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it as is necessary to pay the bid in full. The clerk shall receive the service charge imposed in Section 45.031, Florida Statutes.

5. **Distribution of Proceeds.** On filing the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the certificate; third, Plaintiff's attorneys' fees; fourth, the total sum due to Plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending further order of this Court.

6. **Right of Redemption/Right of Possession.** On filing the certificate of sale, Defendant(s) and all persons claiming under or against Defendant(s) since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property and defendant's right of redemption as prescribed by section 45.0315, Florida Statutes (2013) shall be terminated, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property.

7. **Attorneys' Fees.** The Court finds, based upon the affidavits/testimony presented and upon inquiry of counsel for Plaintiffs that 126.70 hours were reasonably expended by Plaintiff's counsel and that an average hourly rate of $280.58 is appropriate. The court finds that there is/are no reduction or enhancement factors for consideration by the court pursuant to *Florida Patients Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985).

8. **Jurisdiction Retained.** Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, a deficiency judgment.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

**DONE AND ORDERED** in Chambers at Polk County, Florida, this 26th day of January, 2026.

Honorable Ellen S. Masters, Circuit Court Judge

Copies Furnished by U.S. Mail to:

Elliott V. Mitchell, Esq.
Clark, Campbell, Lancaster, Workman & Airth, P.A.
500 S. Florida Ave., Suite 800
Lakeland, FL 33801

Daniel F. Pilka, Esq.
Pilka Adams & Reed, P.A.
Brandon, FL 33511

Polk County, Clerk of the Circuit Court & Comptroller
P.O. Box 9000, Drawer CC-12
Bartow, FL 33831-9000

Common Wealth Trust Services, LLC as Trustee of the 720 14th West St. Land Trust dated
October 13, 2022
122 E. Lake Ave.
Longwood, FL 32750

CWTS, LLC as Trustee of the Lakeland Lending Trust dated December 8, 2023
122 E. Lake Ave.
Longwood, FL 32750

Paxton Real Properties, LLC
c/o/ Thomas Workman, Reg. Agent.
2653 County Road 557
Lake Alfred, FL 33850

Unknown Tenants
1506 Olive St.
Lakeland, FL 33815

Unknown Tenants
0 Oregon Ave.
Lakeland, FL 33815

Unknown Tenants
0 Delaware Ave.
Lakeland, FL 33815

Unknown Tenants
458 Oregon Ave.
Lakeland, FL 33815

# EXHIBIT "F"

**IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA**

LAKELAND HABITAT FOR HUMANITY, INC.,

        Plaintiff,

                                      CASE NO.:  2024CA002047000000

v.

TRUE INVESTORS DEVELOPMENT, LLC,
FRANKLIN CRUZ, COMMONWEALTH
TRUST SERVICES, LLC, as Trustee of the
OLIVE DEVELOPMENT LAND TRUST,
dated December 8, 2023, CITY OF LAKELAND,
FLORIDA, CWTS, LLC as Trustee of the
LAKELAND LENDING TRUST dated December 8,
2023, COMMONWEALTH TRUST SERVICES,
LLC as Trustee of the 720 14th WEST ST.
LAND TRUST dated October 13, 2022, PAXTON
REAL PROPERTIES, LLC and UNKNOWN
TENANTS

        Defendants.

_____/

<u>**AMENDED ORDER RESCHEDULING FORECLOSURE SALE DATE**</u>

THIS CAUSE originally came before the Court for hearing on January 5, 2026, upon Plaintiff, LAKELAND HABITAT FOR HUMANITY, INC., Motion for Summary Judgment. The Order granting Plaintiff's Motion for Summary Judgment was entered January 13, 2026. While the Final Judgment in this matter was signed on January 26, 2026, the Final Judgment of Foreclosure was not clocked into the docket until February 17, 2026, setting a foreclosure sale date of March 2, 2026. The Final Judgment was not provided to any party to this action prior to February 17, 2026. The Court, having reviewed the case file, and being otherwise fully advised, hereby reschedules the foreclosure sale date as follows:

1.     Based on the date the Final Judgment appeared on the Docket, it would be impossible for Plaintiff to comply with the pre-foreclosure publication requirements.

2.       Due to the aforementioned timing issue, the foreclosure sale in this matter must be reset to a later date. This Court hereby directs the Clerk to set the foreclosure sale in this matter within thirty (30) days of the date of this Order, as is further described below.

Wherefore, based on the foregoing, if the total sum with interest at the rate described in paragraph 1 of Final Judgment of Foreclosure entered February 17, 2026, and all costs accrued subsequent to this judgment are not paid, the Clerk of this Court shall sell the property at public sale on __March 25__, 20 26, to the highest bidder for cash except as described in paragraph 6 of Final Judgment of Foreclosure entered February 17, 2026,:

by electronic sale at www.polk.realforeclose.com/ beginning
at 10:00 a.m. Eastern Time.

**DONE AND ORDERED** in Chambers at Polk County, Florida, this 15th day of February, 2026.

Honorable Ellen S. Masters, Circuit Court Judge

Copies Furnished by U.S. Mail to:

Elliott V. Mitchell, Esq.
Clark, Campbell, Lancaster, Workman & Airth, P.A.
500 S. Florida Ave., Suite 800
Lakeland, FL 33801

Daniel F. Pilka, Esq.
Pilka Adams & Reed, P.A.
Brandon, FL 33511

Polk County, Clerk of the Circuit Court & Comptroller
P.O. Box 9000, Drawer CC-12
Bartow, FL 33831-9000

Common Wealth Trust Services, LLC as Trustee of the 720 14th West St. Land Trust dated
October 13, 2022
122 E. Lake Ave.
Longwood, FL 32750

CWTS, LLC as Trustee of the Lakeland Lending Trust dated December 8, 2023
122 E. Lake Ave.
Longwood, FL 32750

Paxton Real Properties, LLC
c/o/ Thomas Workman, Reg. Agent.
2653 County Road 557
Lake Alfred, FL 33850

Unknown Tenants
1506 Olive St.
Lakeland, FL 33815

Unknown Tenants
0 Oregon Ave.
Lakeland, FL 33815

Unknown Tenants
0 Delaware Ave.
Lakeland, FL 33815

Unknown Tenants
458 Oregon Ave.
Lakeland, FL 33815