ORDERED.

**Dated:  April 20, 2026**

Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re

Franklin Andrew Cruz,                                      Case No. 8:26-bk-02312-RCT
*dba TrueInvesters Development*                            Chapter 13

               Debtor(s).

## ORDER GRANTING, IN PART, MOTION FOR EXTENSION OF TIME TO FILE SCHEDULES, STATEMENTS, AND OTHER DOCUMENTS

Before the Court is Debtor's Motion for Extension of Time to File Schedules, Statements, and Other Documents (Doc. 15) (the "Motion"), by which Debtor seeks an extension of time to file his schedules, statements, and required initial disclosures, through and including May 14, 2026. For the following reasons, the Motion, though untimely,[1] is granted in part as follows.

Debtor, acting *pro se*, commenced this Chapter 13 case on March 24, 2026.[2] Accordingly, his schedules, statements, and other required documents and initial disclosures were due no later than April 7. These required documents include, though not mentioned in the Motion, his Chapter 13 plan. Debtor seeks an extension to file outstanding document to May 14, on the bases that his financial situation is complex, his present circumstances have severely limited his available cash,

---

[1] The Motion was filed April 14, one week after the deadline Debtor now wishes to extend had passed. *See* Fed. R. Bankr. P. 9006(b). To be timely, such motion should be filed before the applicable deadline has passed.
[2] Doc. 1.

and he is actively seeking representation to assist him with the case.

Upon due consideration of the Motion, together with the record, the Court will grant Debtor an extension of time to file the required documents—including his Chapter 13 plan— through **May 8, 2026**. The Court's discretion in this regard is constrained by § 521(i) of the Bankruptcy Code[3] and, as to the Chapter 13 plan, the requirements of Rule 3015(b) of the Federal Rules of Bankruptcy Procedure ("Rule(s)"). Any motion for further extension must not only be timely but also must address the appropriate standards under the Code and Rules.

The Court cautions Debtor that it has not extended the date by which Debtor is obligated to begin making his monthly Chapter 13 plan payments, which by the Court's calculation is April 24, 2026. A delay in filing a Chapter 13 plan, even when that delay is authorized by the Court, does not automatically extend the date by which a debtor's monthly plan payments are required to commence under § 1326.

It is therefore **ORDERED**:

1.    The Motion (Doc. 15) is **GRANTED, in part**, as provided below.

2.    By no later than **May 8, 2026**, Debtor shall file his (i) proposed Chapter 13 plan using the Court's Model Plan (as required by the Court's Administrative Order (Doc. 3)), (ii) schedules, (iii) statement of financial affairs, and (iv) other required documents and initial disclosures.

3.    Should Debtors fail either to file the required documents by the deadline above or in filing their Chapter 13 plan, fail to use the Court's Model Plan, the Court will dismiss this case without further notice or hearing.

Clerk's Office to serve. If an email address has been provided with the petition or otherwise, the Clerk's Office also shall provide Debtors with a courtesy copy by email.

---

[3] 11 U.S.C. §§ 101–1532 ("Code" or "Bankruptcy Code"). Unless otherwise indicated, all statutory references are to the Bankruptcy Code.