FILED TPA INTAKE USBC
1 MAY 2026 PM2:25

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:                                                    CASE NO.: 8:26-bk-02312-RCT

FRANKLIN ANDREW CRUZ,                    CHAPTER 13

Debtor.

_____/

**DEBTOR'S RESPONSE AND OBJECTION TO LAKELAND HABITAT FOR**

**HUMANITY, INC.'S MOTION FOR RELIEF FROM AUTOMATIC STAY**

Franklin Andrew Cruz, the Debtor herein (the "Debtor"), appearing *pro se*, hereby files this Response and Objection to the Motion for Relief from Automatic Stay (Doc. No. 14) (the "Motion") filed by Lakeland Habitat for Humanity, Inc. ("Movant"), and in opposition states as follows:

**INTRODUCTION**

1.    The Motion should be denied. Movant seeks termination of the automatic stay so that it may complete a foreclosure sale on five parcels of real property that, taken together, comprise a fully-entitled multi-acre Planned Unit Development site located in an Opportunity Zone in the City of Lakeland, Polk County, Florida (the "Property"). The Property is the centerpiece of the Debtor's reorganization.

2.    The Property has substantial value beyond the Movant's lien. Movant is therefore adequately protected by an equity cushion. Debtor's reorganization is plainly in prospect: this Court has set a deadline of May 8, 2026 for Debtor to cure the deficiencies identified in the Amended Notice of Incomplete and/or Deficient Filing and to file the remaining required Schedules and Chapter 13 Plan, and Debtor is actively working with professionals to meet that deadline. Granting the Motion in advance of the Plan deadline would deny Debtor the very opportunity to demonstrate reorganization that Congress contemplated under 11 U.S.C. § 362(g)(2).

1

## RESPONSE TO NUMBERED ALLEGATIONS

3.     With respect to paragraphs 1 and 2 of the Motion, Debtor admits the existence and recording of the Note and Mortgage as alleged. Debtor specifically admits that he executed the Promissory Note both as Manager of True Investors Development, LLC and individually, and is therefore personally liable on the underlying obligation.

4.     Debtor denies paragraph 3 of the Motion. The December 12, 2023 transfer of title to the Olive Development Land Trust was an internal restructuring among Debtor-controlled entities for asset-management purposes. The transfer did not impair Movant's lien, which remained recorded against the Property at all times and continues to encumber the Property in the same first-position lien priority. Movant's position has not been prejudiced in any way by the change in title-holding vehicle.

5.     With respect to paragraph 4 of the Motion, Debtor admits no scheduled installment payments were made on the Note. Debtor states that the Note is a balloon obligation that, by its express terms, was due in full on or before December 1, 2024 — the entire structure of the obligation contemplated a single payoff at maturity from the Property's sale, refinance, or development, not a stream of monthly installments.

6.     Debtor admits the procedural history alleged in paragraphs 5 through 8 of the Motion concerning the pre-petition indebtedness amount, the filing of the Foreclosure Action, entry of the Final Judgment of Foreclosure on February 17, 2026, and the rescheduled foreclosure sale set for March 25, 2026.

7.     Debtor denies paragraph 9 of the Motion. Debtor did not file this Chapter 13 case to "frustrate" Movant's rights. Debtor filed this case in good faith to preserve a multi-million-dollar entitled real estate development project at a moment when Debtor has access to substantial liquidity and a workable path to satisfy Movant's claim in full. This is Debtor's first bankruptcy filing; Debtor has no history of serial filings or stay abuse.

8.   The legal contentions set forth in paragraphs 10 through 22 of the Motion are addressed in the Argument section below.

2

## ARGUMENT

### A. The Property Is Property of the Estate.

9.     The Motion's threshold argument — that the Property is not "property of the estate" because title is held by a Florida land trust — is incorrect. Under 11 U.S.C. § 541(a)(1), the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Florida Statute § 689.071 (the Florida Land Trust Act) classifies the beneficiary's interest in a land trust as personal property, and that beneficial interest unquestionably passes into the bankruptcy estate. *See In re Polk*, 76 B.R. 148 (9th Cir. BAP 1987); *In re Brown*, 734 F.2d 119 (2d Cir. 1984).

10.     Movant's reliance on *In re Whittle*, 449 B.R. 427 (Bankr. M.D. Fla. 2011), is misplaced. *Whittle* addressed property held by a Florida limited liability company in which the debtor was merely a member — a fundamentally different ownership structure with statutory protections (the LLC charging-order remedy) that have no analog in the land-trust context.

11.     The Olive Development Land Trust is a Debtor-controlled vehicle established for the orderly development of the Property. Debtor's beneficial interest in that trust is sufficient to bring the trust corpus within the protections of 11 U.S.C. § 362(a) for purposes of preventing a forced foreclosure sale that would extinguish that interest before the reorganization can be evaluated.

### B. Movant Is Adequately Protected by a Substantial Equity Cushion.

12.     Movant holds a first-priority lien on five contiguous parcels comprising a fully-entitled Planned Unit Development site situated within a federal Opportunity Zone in the City of Lakeland. The aggregate fair market value of the Property substantially exceeds the $1,150,160.69 indebtedness asserted in the Verified Statement attached to the Motion as Exhibit "D."

13.     An equity cushion of this magnitude is, by itself, sufficient adequate protection under 11 U.S.C. § 362(d)(1). An equity cushion of approximately twenty percent (20%) or more is generally sufficient adequate protection as a matter of law. *See In re Mellor*, 734 F.2d 1396,

1400 (9th Cir. 1984). Movant's lien position is not deteriorating. The Property is not declining in value; if anything, the entitlements and Opportunity Zone designation make the Property's value trajectory upward, not downward.

14.     Movant bears the burden of making a *prima facie* showing of cause for stay relief, including the absence of an equity cushion. *See In re Planned Sys., Inc.*, 78 B.R. 852, 862 (Bankr. S.D. Ohio 1987). Movant has presented no appraisal, no broker price opinion, and no admissible evidence of value. Conclusory allegations of "lack of adequate protection" are insufficient where the collateral itself secures the claim by a wide margin.

### C. A Successful Reorganization Is in Prospect.

15.     The Supreme Court in *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365 (1988), requires a showing that "a successful reorganization within a reasonable time is in prospect." Debtor will make precisely that showing in the Chapter 13 Plan now due to be filed by May 8, 2026 — a deadline this Court itself has set.

16.   The Motion was filed on April 7, 2026, well in advance of the Court-ordered deadline for Debtor to file Schedules and a Plan. It is therefore premature to conclude that "no reorganization is in prospect" when the document that would evidence the reorganization has not yet come due. Granting stay relief on this basis would punish Debtor for using the very time the Court has provided to comply with the Code's filing requirements.

17.     Debtor has access to liquidity sufficient to address Movant's claim and is in active discussions with capital partners regarding (a) full payoff of Movant's claim, or (b) development financing that will satisfy the claim through the Plan. The reorganization is not theoretical — it is concretely funded and underway.

### D. The Petition Was Filed in Good Faith.

18.   A petition filed on the eve of foreclosure is not, standing alone, evidence of bad faith. The Eleventh Circuit's totality-of-the-circumstances test under *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393 (11th Cir. 1988), requires consideration of multiple factors. Here those factors weigh in Debtor's favor: there is genuine equity to preserve, there are unsecured creditors who

4

will benefit from an orderly Plan, the Property is a substantial productive asset capable of generating recovery for the estate, this is Debtor's first bankruptcy filing, and Debtor is actively working to comply with the Code's filing requirements.

19.    This is not a "delay for delay's sake" filing. It is a good-faith effort to preserve a substantial real estate development from a fire sale that would destroy value for Debtor, the estate, and unsecured creditors alike.

### E. An Evidentiary Hearing Is Required Before Stay Relief May Be Granted.

20.    The Motion raises disputed issues of material fact, including: (i) the fair market value of the Property; (ii) the existence, scope, and structure of Debtor's beneficial interest in the Olive Development Land Trust; (iii) the adequacy of Movant's protection through the existing equity cushion; and (iv) the feasibility of Debtor's forthcoming Chapter 13 Plan. Each of these issues requires the development of an evidentiary record before the extraordinary relief of stay termination may be granted.

### RELIEF REQUESTED

**WHEREFORE,** Debtor respectfully requests that this Court enter an Order:

A.    Denying the Motion for Relief from Automatic Stay;

B.    In the alternative, deferring ruling on the Motion until after the May 8, 2026 deadline for Debtor's Schedules and Chapter 13 Plan, so that the Court may evaluate reorganization prospects on a complete record;

C.    In the further alternative, setting this matter for evidentiary hearing and conditioning any stay relief upon a reasonable opportunity for Debtor to refinance or pay off the Movant's claim in full; and

D.    Granting such other and further relief as this Court deems just and proper.

5

Dated: May 1, 2026

Respectfully submitted,

_____
**Franklin Andrew Cruz**, Debtor
*Pro Se*
1506 N. Olive Street
Lakeland, FL 33815
Telephone: _____
E-Mail: _____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of May, 2026, a true and correct copy of the foregoing Response and Objection has been served via U.S. Mail, postage prepaid, and/or electronic mail upon the following:

Elliott V. Mitchell, Esq.
Clark, Campbell, Lancaster, Workman & Airth, P.A.
500 South Florida Avenue, Suite 800
Lakeland, Florida 33801
*Counsel for Movant Lakeland Habitat for Humanity, Inc.*

Kelly Remick, Chapter 13 Trustee
*(via CM/ECF Electronic Notice)*

Office of the United States Trustee
*(via CM/ECF Electronic Notice)*

_____
**Franklin Andrew Cruz**, *Pro Se* Debtor

6